THE STATE, EX REL. WINN, *v.* GALVIN, AUD., ET AL.

[Cite as State, ex rel. Winn, v. Galvin (1974), 39 Ohio St. 2d 58.]

(No. 74-159—Decided July 3, 1974.)

*Mr. William E. Knepper* and *Mr. Karl H. Weaner,* for relator.

*Mr. Harry Friberg,* prosecuting attorney, for respondents.

*Per Curiam.* As established by the pleadings, the issue before this court is whether a judge of the Court of Common Pleas, retired under Section 6(C), Article IV of the Constitution, who is assigned by the Chief Justice to sit in a county other than that in which he resides, is entitled to be paid his "actual and necessary expenses" by the county in which he sits during such assignment.

Section 6(C) of Article IV of the Constitution provides that a retired judge who is assigned to active duty shall "receive the established compensation for such office." The actual and necessary expenses incurred by a retired judge in holding court pursuant to assignment from the Chief Justice are part of the "established compensation" which the Constitution requires to be paid.

Relator argues that, by virtue of R. C. 141.07, he is entitled to reimbursement for expenses necessitated by his assignment in Lucas County.

R. C. 141.07, as pertinent, provides:

"* * * Each judge of the Court of Common Pleas * * * who is assigned by the Chief Justice * * * to aid in disposing of business of some county other than that in which he resides shall receive * * * his actual and necessary expenses incurred in holding court under such assignment, together with his actual transportation expenses, to be paid from

the treasury of the county in which he is so assigned upon the warrant of the auditor of such county."*

The language of R. C. 141.07 is clear. It mandates that a judge of the Court of Common Pleas who is assigned by the Chief Justice to sit in a county other than that in which he resides shall receive "his actual and necessary expenses incurred in holding court under such assignment," and that such expenses are to be paid from "the treasury of the county in which he is so assigned."

While sitting in Lucas County, relator was a judge of the Court of Common Pleas of Lucas County. He was sitting outside the county of his residence, and is entitled to reimbursement for his expenses incurred by assignment in Lucas County.

The writ of mandamus is allowed, and respondents are ordered to cause payment to be made to relator of his necessary and actual expenses.

*Writ allowed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

---

*R. C. 141.07 was amended effective November 16, 1973. The provisions relevant to the determination of the issue presented to this court remained the same.